UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|                                    |   |                                         |
|------------------------------------|---|-----------------------------------------|
| UNITED STATES OF AMERICA,          | : | CASE NO. 4:17-cr-00524                  |
| Plaintiff,                         | : |                                         |
| vs.                                | : | ORDER                                   |
|                                    | : | [Resolving Docs. 64, 65, 66, 72, 74, 75] |
| DAINON JONES,                      | : |                                         |
| Defendant.                         | : |                                         |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Dainon Jones seeks reconsideration of this Court's denial of his 28 U.S.C. § 2255 habeas corpus petition.[1] For the reasons stated below, the Court DENIES Jones's requested relief.

The relevant background is recounted in this Court's order denying Jones's 28 U.S.C. § 2255 petition.[2] In sum, in 2018, Jones pleaded guilty to conspiracy to possess with intent to distribute a controlled substance.[3] Jones filed the § 2255 petition arguing five claims of ineffective assistance of counsel.[4] On November 25, 2019, this Court denied all grounds for relief in Jones's petition.[5]

On December 6, 2019, Jones filed a notice of appeal.[6] Despite his pending appeal, Jones has continued to file documents with this Court, nine additional motions in total,

---

[1] Since this Court's initial denial of his habeas petition, Jones has filed several motions. . Despite the various labels Jones affixes to these filings, the filings include the same arguments. The Court therefore construes the various filings as motions for reconsideration and considers them jointly here. Docs. 64, 65, 66, 72, 74, and 75.
[2] Doc. 62.
[3] Doc. 18.
[4] Doc. 42.
[5] Doc. 62.
[6] Doc. 63.

Case No. 4:17-cr-00524
Gwin, J.

many of which argue for the reconsideration of the Court's denial of Jones's habeas petition.[7]

On December 30, 2019, Jones filed a motion under Fed. R. Civ. P. 59(e).[8] The Court construes the December 30 motion, and Jones's five other motions containing the same arguments as motions for reconsideration. The motions' arguments attempt to relitigate the portion of Jones's habeas petition that argues that phenylfentanyl cannot be a fentanyl analogue. Jones asks for an order stating whether phenylfentanyl is a fentanyl analogue or controlled substance analogue.[9]

Jones argues that phenylfentanyl cannot be a controlled substance analogue and a fentanyl analogue. He bases this argument on a House Judiciary Committee Report accompanying a bill that was not passed, but was substantially similar to what eventually passed as the Anti-Drug Abuse Act of 1986.[10]

Jones relies on *United States v. McCray*, which cites the committee report.[11] In *McCray*, the Court observed that a House Judiciary Committee Report said that a "fentanyl analogue" "does not include fentanyl, nor does it include controlled substance analogues (as defined in the Designer Drug Enforcement Act of 1986) which may be analogues of fentanyl."[12]

First, Jones's fixation on this specific language in *McCray* is misplaced. Neither *McCray* nor the committee report are controlling on this Court.

---

[7] *See* Docs. 64, 65, 66, 72, 74, and 75.
[8] Doc. 64.
[9] Doc. 64 at 6.
[10] *Id.* at 4-5.
[11] *United States v. McCray*, 346 F.Supp.3d 363, 366-67 (W.D.N.Y. 2018).
[12] *Id.*

Case No. 4:17-cr-00524
Gwin, J.

The text of the enacted statute takes precedent over the legislative history of unenacted legislation. Where the text of the statute is unambiguous, as here, the Court has no need to refer to the legislative history of the statute's bill (here another's statute's bill) to determine statutory meaning.[13]

Second, the Court finds no issue with concluding that a "controlled substance analogue" may also be a "fentanyl analogue" under the actual language of the statute. At the time of Jones's conviction, a "controlled substance analogue" was defined in part as "a substance . . . the chemical structure of which is substantially similar to the chemical structure of a controlled substance."[14] "Analogue of fentanyl" was undefined. As stated in this Court's previous opinion, and in *McCray*, under the plain meaning of the term, "analogue of fentanyl" means "a chemical compound structurally similar to another but differing often by a single element of the same valence and group of the periodic table as the element it replaces."[15] It is therefore not impossible for phenylfentanyl to be both a controlled substance analogue and an analogue of fentanyl.

Third, Jones agreed in his plea agreement that the drugs involved in his charged conduct were fentanyl analogues. The validity of his plea and sentence are therefore not affected by phenylfentanyl's classification.

Fourth, and finally, as stated in the Court's denial of Jones's habeas petition, Jones waived most claims on appeal through his plea agreement.[16] Jones preserved only his ability to bring a sentence above the statutory maximum, a sentence above the "sentencing

---

[13] *United States v. Wade*, 266 F.3d 574, 581 (6th Cir. 2001).
[14] 21 U.S.C. § 802(32)(C).
[15] Doc. 62 at 5.
[16] *Id.* at 3.

-3-

Case No. 4:17-cr-00524
Gwin, J.

stipulations and computations" in the plea agreement using the Court's determined criminal History Category, claims of ineffective assistance of counsel, and claims of prosecutorial misconduct.[17]  Jones does not link his fentanyl analogue argument to any of his preserved claims on appeal, nor does it fit into any category of his preserved claims.

Jones complains that the Government has not responded to each of the ten filings Jones has submitted to this Court since the filing of his appeal.  However, the Government's silence on this matter does not entitle Jones to a reversal of the Court's earlier ruling regarding the merits of Jones's petition.

For the reasons stated above, the Court **DENIES** Jones's motions seeking reconsideration of the Court's earlier decision.  To the extent that Jones requests an evidentiary hearing in any of his motions,[18] that request is also **DENIED**.  Finally, to the extent that Jones requests a reconsideration of this Court's order denying a certificate of appealability, the Court continues to believe that such a certificate is not warranted and also **DENIES** that request.[19]

IT IS SO ORDERED.

Dated: May 6, 2020              *s/       James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[17] Doc. 18 at 6.
[18] *See, e.g.,* Doc. 66.
[19] *See, e.g.,* Doc. 75.