UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:17-cr-00524 |
| Plaintiff, | : | |
| vs. | : | ORDER |
| | : | [Resolving Doc. 67] |
| DAINON JONES, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Dainon Jones seeks to amend his 28 U.S.C. § 2255 habeas corpus petition under Fed. R. Civ. P. Rule 15.[1] For the reasons stated below, the Court finds this motion is a successive § 2255 petition and **TRANSFERS** it to the Sixth Circuit for consideration.

The relevant background is recounted in this Court's order denying Jones's 28 U.S.C. § 2255 petition.[2] In sum, in 2018, Jones pleaded guilty to conspiracy to possess with intent to distribute a controlled substance.[3] Jones later filed a § 2255 petition arguing five claims of ineffective assistance of counsel.[4] On November 25, 2019, this Court denied all grounds for relief in Jones's petition.[5] The Court denied a certificate of appealability.[6]

Jones now requests leave to amend or supplement his prior § 2255 petition to add a claim of actual innocence. Despite Jones's attempts to stylize his filing as a motion to amend, it is properly construed as a successive § 2255 motion.[7] Under 28 U.S.C. §

---

[1] Doc. 67.
[2] Doc. 62.
[3] Doc. 18.
[4] Doc. 42.
[5] Doc. 62.
[6] Doc. 69.
[7] *Malone v. United States*, No. 1:17CV2290, 2019 WL 7049805, at *2 (N.D. Ohio Dec. 23, 2019) (finding that

Case No. 4:17-cr-00524
Gwin, J.

2244(b)(3), the Sixth Circuit must authorize a district court's consideration of a successive habeas motion. Until such permission is granted, the Court lacks jurisdiction to adjudicate Defendant Jones's claims.[8]

Jones also asks the court to "appoint counsel or grant evidentiary hearing" without further argument.[9] The decision to appoint habeas counsel is within the discretion of the court and required only in the interests of justice or due process.[10] No evidentiary hearing is required because the Court lacks jurisdiction to consider Jones's motion. Defendant has to date demonstrated an ability to argue his respective position *pro se*. Accordingly, the Court declines to appoint counsel.

For the reasons stated above, the Court construes Jones's Rule 15 motion as a successive § 2255 petition and **TRANSFERS** it to the Sixth Circuit for consideration.

IT IS SO ORDERED.

Dated: May 6, 2020     *s/     James S. Gwin*
                       JAMES S. GWIN
                       UNITED STATES DISTRICT JUDGE

---

motion to amend § 2255 motion was successive motion because it sought to assert a new ground for relief and was filed after appealing the denial of his initial habeas petition).

[8] *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016).
[9] Doc. 67 at 9.
[10]