UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:17-cr-00524 |
| Plaintiff, | |
| vs. | ORDER [Resolving Doc. 76] |
| DAINON L. JONES, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 8, 2018, Defendant Dainon Jones pleaded guilty to one count of conspiring to possess or distribute 100 grams or more of phenylfentanyl, a fentanyl analogue.[1] On November 25, 2019, this Court denied Defendant's § 2255 habeas petition.[2] On December 6, 2019, Defendant appealed.[3]

Jones now moves for a temporary injunction granting his release pending appeal.[4] With his motion, Jones reasserts his habeas petition's ineffective assistance of counsel claims. He also says that he has suffered an Eighth Amendment violation due to the recent COVID-19 outbreak at Elkton prison. He does not, however, say how the outbreak relates to his underlying habeas claim, which only contained ineffective assistance of counsel claims.

Jones argues that he satisfies the four factors of the injunction standard: (1)

---

[1] Doc. 18.
[2] Doc. 62.
[3] Doc. 63.
[4] Doc. 76.

Case No. 4:17-cr-00524
Gwin, J.

likelihood of success on the merits, (2) irreparable injury to the movant, (3) lack of substantial harm to others, and (4) public interest.[5] "The factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together."[6]

Jones fails to demonstrate likelihood of success. Jones argues he is likely to succeed on his habeas appeal because the drug he pleaded guilty to possessing was not actually a controlled substance.[7] This Court has rejected Jones's argument to this effect both in its original order denying his petition and the Court's denial of Jones's multiple motions for reconsideration.[8]

As part of his arguments in support of the other factors, Jones says that he fears possible death due to his medical issues and the spread of COVID-19 at Elkton.[9] Jones says he has filed an application requesting compassionate release based on his actual innocence.[10] However, he does not request that the Court grant compassionate release or present an argument that he satisfies the relevant requirements.

Given that Jones's appeal is likely futile, the Court cannot conclude that Jones is entitled to injunctive relief on the basis of his appeal's merits.

However, the Court is sympathetic to Jones's arguments concerning the current conditions at Elkton. While the Court believes that Jones is not entitled to an injunction as requested, this Court recently issued a preliminary injunction in *Wilson v. Williams*

---

[5] *Northeast Ohio Coal. for Homeless and Serv. Emps. Intern. Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)
[6] *Id.*
[7] Doc. 76 at 3.
[8] Docs. 62, 78.
[9] Doc. 76 at 3-4.
[10] *Id.*

-2-

Case No. 4:17-cr-00524
Gwin, J.

requiring Elkton officials to identify medically vulnerable inmates and determine whether they were eligible for methods of release and if not to transfer such inmates to a different BOP facility.[11]  Jones's claimed medical issues may entitle him to release or transfer through that action.

Additionally, Jones may bring a petition for compassionate release under 18 U.S.C. 3582.

For the foregoing reasons, the Court **DENIES** Jones's request for a temporary injunction pending the outcome of his habeas appeal.

IT IS SO ORDERED.

Dated:  May 13, 2020                              *s/      James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[11] *Wilson v. Williams,* No. 4:20-cv-00794, 2020 WL 1940882, at *10-11 (N.D. Ohio Apr. 22, 2020).