UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:17-cr-00524 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 97, 98] |
| v. | : | |
| DAINON L. JONES, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Dainon L. Jones requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes.[2]

For the following reasons, the Court **DENIES** Jones's motion.

### I. Background

On February 8, 2018 Jones pleaded guilty to one count of drug conspiracy.[3] On May 30, 2018, this Court sentenced Jones to 121 months of incarcerations and five years of supervised release.[4]

### II. Discussion

On September 14, 2020, Jones moved for compassionate release.[5] Jones seeks a sentence reduction due to certain health conditions that can increase his risk for serious illness if he contracts COVID-19.[6]

---

[1] Docs. 97, 98, 99, 103, 113.
[2] Docs. 106, 112.
[3] Doc. 17.
[4] Doc. 28.
[5] Doc. 97.
[6] *Id. See also* Doc. 103; Doc. 113.

Case No. 4:17-cr-00524
GWIN, J.

The Government opposes.[7] The Government argues Jones has not established that extraordinary and compelling reasons warrant release. Moreover, the Government contends the § 3553 factors do not support a sentence reduction.[8]

### A. Exhaustion

The Court may modify a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[9]

The government concedes that Jones has satisfied the statutory exhaustion requirement.[10]

### B. Eligibility

Generally, to grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[11] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[12]

---

[7] Doc. 106.
[8] *Id.*
[9] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[10] Doc. 106 at 2.
[11] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *U.S. v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).
[12] *Id.* at 518. (citing *U.S. v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A))) (internal quotation marks omitted).

Case No. 4:17-cr-00524
GWIN, J.

However, there are presently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[13] Therefore, in cases, as here, where an inmate files a motion on their own behalf, the court "may skip step two."[14]

In this case, the Court is not persuaded that extraordinary and compelling reasons justify early release. The Court acknowledges that Jones suffers from hypertension and moderate obesity,[15] both of which can increase his risk for serious illness if he contracts COVID-19.[16] But the risk of contracting COVID-19 at FCI Elkton, where Jones is housed, has decreased in recent weeks. Presently, there are no confirmed COVID-19 cases among inmates, and only one staff member currently has COIVD-19.[17] Moreover, FCI Elkton has fully vaccinated 940[18] of its 1,397 inmates.[19]

Further, the § 3553 factors do not support compassionate release. Jones has a long criminal history[20] and the crime for which he is currently imprisoned was very serious.[21] The sentence this Court imposed properly reflects the nature and seriousness of Jones's offense and his criminal history.

---

[13] See *Elias*, 984 F.3d at 519 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").
[14] *Jones*, 980 F.3d at 1111.
[15] Doc. 103-2.
[16] See Centers for Disease Control and Prevention, *Medical Conditions*, May. 13, 2021, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 14, 2021).
[17] See Federal Bureau of Prisons, COVID-19 Cases FCI Elkton, May 14, 2021, https://www.bop.gov/coronavirus/ (last visited May 14, 2021).
[18] See Federal Bureau of Prisons, COVID-19 Vaccine Implementation, May 14, 2021, https://www.bop.gov/coronavirus/ (last visited May 14, 2021).
[19] See Federal Bureau of Prisons, FCI Elkton, https://www.bop.gov/locations/institutions/elk/ (last visited May 14, 2021).
[20] Doc. 106 at 15–16.
[21] *Id.* at 14–15.

Case No. 4:17-cr-00524
GWIN, J.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Jones's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

IT IS SO ORDERED.

Dated: May 17, 2021                             *s/    James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE