UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

|                               |   |                                         |
|-------------------------------|---|-----------------------------------------|
| UNITED STATES OF AMERICA,     | : | CASE NO. 4:17-cr-00524                  |
|                               | : |                                         |
| Plaintiff,                    | : | OPINION & ORDER                         |
|                               | : | [Resolving Docs. 122, 123,              |
| v.                            | : | 126, 127, 129, 130, 134 &               |
|                               | : | 138]                                    |
| DAINON L. JONES,              | : |                                         |
|                               | : |                                         |
| Defendant.                    | : |                                         |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Dainon Jones serves a 121-month prison sentence for conspiring to possess with intent to distribute hundreds of grams of fentanyl analogue.  Since 2019, Jones has filed a deluge of motions attacking his conviction and sentence, including eight appeals to the Sixth Circuit.  In each motion, Jones says that his conviction and sentence are unlawful because the substances he conspired to possess were not Schedule I drugs.  Instead, Jones says the substances were "precursors" to fentanyl production.

Jones is wrong.  Federal law treats unscheduled controlled-substance analogues intended for human consumption as Schedule I substances.  And the DEA has consistently classified the substances Jones trafficked as fentanyl analogues rather than precursors.  So, Jones's conviction and sentence remain lawful.

Now, Jones again asks the Court for relief from his conviction and sentence under several federal procedural rules.  Jones also filed a second compassionate-release motion. And Jones asks the Court to suspend his federal-benefits ineligibility.

For the following reasons, the Court **DENIES** or **DISMISSES** Jones's motions for relief from his conviction and sentence, **DENIES** Jones's compassionate-release motion, and

Case No. 4:17-cr-00524
GWIN, J.

**GRANTS** Jones's motion to suspend federal-benefits ineligibility.

## I.    Motions for Relief from Conviction and Sentence

Jones seeks relief from judgment through several avenues.  First, Jones asks the Court under Federal Civil Procedure Rule 60(b)(1) to reconsider its decision to transfer a Jones Rule 15 motion to the Sixth Circuit as a second-or-successive collateral attack.  Jones also asks to supplement the Rule 15 motion.  Third, Jones asks the Court for relief in an independent action under Rule 60(d)(1).  Fourth, Jones asks the Court for a new trial under Federal Criminal Procedure Rule 33.

None of these motions prevails.  Jones's reconsideration motion is late and meritless.  Next, Jones fails to meet the actual-innocence showing that Rule 60(d)(1) requires.  Finally, Jones presents no new evidence to support a Rule 33 action, and Jones's conviction for conspiring to traffic fentanyl analogue was lawful.  So, Jones's Rule 33 motion also fails.

## A.    Background

On February 8, 2018, Jones pleaded guilty to violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi).  Jones admitted to leading a drug-trafficking conspiracy that sought to import fentanyl analogue from China for distribution.[1]

On May 30, 2018, the Court sentenced Jones.  The Court set the total offense level at 29 and found that Jones was a criminal history Category IV.[2] The Court sentenced Jones to 121 months' incarceration—above § 841(b)(1)(A)'s 10-year minimum, but at the low end of the guidelines range.[3]  Jones filed no direct appeal.

On May 17, 2019, Jones timely filed a motion under 18 U.S.C. § 2255 collaterally

---

[1] Doc. 48.
[2] Doc. 47 (sealed) at 3 (PageID 300).
[3] *See id.* at 10 (PageID 307).

Case No. 4:17-cr-00524
GWIN, J.

attacking the Court's judgment.[4] Here, for the first time, Jones argued that he should not have been convicted of phenylfentanyl possession because phenylfentanyl was not a controlled substance when Jones conspired to traffic it.[5] Jones also said that the indictment had charged Jones with conspiring to possess only phenylfentanyl—even though most of the fentanyl analogue Jones had possessed was methoxyacetylfentanyl.[6]

On November 25, 2019, the Court denied Jones's § 2255 motion.[7] Jones appealed. While the appeal was pending, Jones filed several motions asking the Court to reconsider the § 2255 denial[8] and for permission to supplement the § 2255 petition under Rule 15.[9] This Court denied Jones's reconsideration motions[10] and transferred the Rule 15 motion to the Sixth Circuit as a second-or-successive § 2255 motion.[11]

On July 27, 2020, the Sixth Circuit affirmed the § 2255 denial.[12] On September 3, 2020, the Court denied permission to file a second-or-successive petition.[13]

Jones has since filed dozens more motions the Court need not recount here. Instead, the Court turns to the latest round of motions attacking Jones's conviction and sentence.

**B.      Rule 60(b)(1) Motion to Reconsider and Rule 15 Motion to Supplement**

First, Jones asks the Court under Rule 60(b)(1) to reconsider its decision to transfer Jones's Rule 15 motion to the Sixth Circuit as a second-or-successive § 2255 motion. Jones also moves to supplement the Rule 15 motion, assuming the Court grants his reconsideration

---

[4] Doc. 42.
[5] Doc. 51 at 10–11 (PageID 362–63)
[6] *Id.* at 15–18 (PageID 367–70)
[7] Doc. 62.
[8] Docs. 64, 65, 66, 72, 74, 75 & 76.
[9] Doc. 67.
[10] Doc. 78.
[11] Doc. 79.
[12] Doc. 93.
[13] Doc. 96.

Case No. 4:17-cr-00524
GWIN, J.

motion.  Neither motion prevails.

Under Rule 60(b)(1), litigants must file reconsideration motions within one year.[14]
This Court issued the transfer order on May 6, 2020.  Jones filed this motion on July 6, 2021,
two months late.[15]  So, the Court dismisses the motion to reconsider as untimely and
dismisses the motion to supplement the Rule 15 motion as moot.

### C.    Rule 33 Motion for a New Trial

Jones next says that purportedly "newly discovered evidence" requires a new trial
under Federal Criminal Procedure Rule 33.  Specifically, Jones says that sometime after his
conviction, the DEA classified phenylfentanyl and methoxyacetylfentanyl as "precursor"
chemicals.  According to Jones, neither chemical could therefore qualify as a fentanyl
analogue.  Because the new-trial motion is late and meritless, the Court dismisses it.

Rule 33 allows a criminal defendant to move for a new trial based on newly
discovered evidence within three years of the guilty finding.  Here, the Court found Jones
guilty on May 17, 2018.  Jones filed this motion on April 18, 2022, nearly a year late.

Jones says that any lateness is excusable. The criminal rules permit the Court to
overlook lateness caused by a party's "excusable neglect."[16] Here, Jones claims excusable
neglect resulted from Jones's "incarceration and initial lack of knowledge" of controlled-
substance scheduling.[17]

The Court disagrees.  While incarcerated, Jones diligently pursued information related
to phenylfentanyl's and methoxyacetylfentanyl's legal statuses, including writing to the DEA

---

[14] FED. R. CIV. P. 60(c)(1).
[15] Plus, the Sixth Circuit has already explained that this Court correctly construed Jones's motion as a second-or-successive § 2255 motion.  Doc. 96 at 2 (PageID 624).
[16] *See* United States v. Munoz, 605 F.3d 359, 367 (6th Cir. 2010) (discussing FED. R. CRIM. P. 45).
[17] Doc. 141 at 3 (PageID 1287).

Case No. 4:17-cr-00524
GWIN, J.

in 2019.[18]  From the DEA's response, Jones learned when each substance became scheduled.

So, Jones cannot claim that within Rule 33's three-year limit, Jones remained unaware of the

substances' legal statuses.  This motion is late.

Even if the Court reached the motion's merits, Jones has not shown a new trial would

serve the interests of justice.[19]

Jones's motion tracks—sometimes verbatim—a government–defendant joint petition

to vacate a conviction filed in *United States v. Coleman*.[20]  Coleman had been convicted of

distributing a mixture of cocaine and purported fentanyl analogues, including benzylfentanyl

and n-methyl norfentanyl.[21]  The government and Coleman agreed that the DEA later

scheduled both substances as "precursor chemicals" used to manufacture fentanyl, rather

than fentanyl analogues.[22]  So, the parties agreed that Coleman should not have been

convicted of distributing fentanyl analogues.[23]

Unlike the substances at issue in the *Coleman* case, the DEA has consistently said that

phenylfentanyl and methoxyacetylfentanyl are fentanyl analogues—not precursors.[24]

*Coleman* therefore does not help Jones.[25]

---

[18] Doc. 51-2 at 2 (PageID 393).
[19] *See* FED. R. CRIM. P. 33.
[20] *Compare* Joint Petition to Vacate Conviction and Sentence under 28 U.S.C. § 2255, No. 1:18-cr-00496 Doc. 58 at 5 (N.D. Ohio, Oct. 20, 2020) [hereinafter Joint Petition], *with* Doc. 138-1 at 5 (PageID 1266).
[21] *Id.* at 2–3 (PageID 490–91).
[22] *See id.* (first citing 85 Fed. Reg. 20822 (Apr. 15, 2020) (benzylfentanyl); and then citing 85 Fed. Reg. 21320 (Apr. 17, 2020) (norfentanyl)).
[23] *See* Joint Petition at 15.
[24] *See* 86 Fed. Reg 12296, 12299, 12301 (Mar. 3, 2021) ("The abuse potential of ... phenyl fentanyl ... is associated with [its] pharmacological similarity ... to morphine and fentanyl ... . ... [P]henyl fentanyl ... *is not considered [an] immediate precursor* of any controlled substance") (emphasis added); 84 Fed. Reg. 57323, 57324 (Oct. 25, 2019) ("[M]ethoxyacetyl fentanyl ... share[s a] pharmacological profile[] similar to morphine, fentanyl, and other synthetic opioids ... . For this reason, .... methoxyacetyl fentanyl, ... [is] abused for [its] opioid-like effects.").
[25] Indeed, Jones's motion largely rests on the materially false statement that "the DEA recognized that [phenylfentanyl and methoxyacetylfentanyl] were merely 'precursor chemicals' to the manufacture of fentanyl." Doc. 138-1 at 5 (PageID 1266). This falsehood appears to result from counsel indiscriminately copying and pasting arguments from the Coleman Joint Petition without verifying that Jones's case raised the same issues.  The Court cautions counsel to research any future filings more diligently.

Case No. 4:17-cr-00524
GWIN, J.

Moreover, even if the Court decided to grant Jones's motion and allow Jones to "plea[sic] to an amended Count 1," it remains unclear how Jones would benefit. Presumably, Jones contemplates an amended count that properly separates the quantities of phenylfentanyl and methoxyacetylfentanyl Jones conspired to import. But federal law treats unscheduled controlled-substance analogues intended for human consumption as Schedule I controlled substances.[26] So, for § 841(b)(1)(A)'s purposes, scheduled fentanyl analogues (like methoxyacetylfentanyl) and unscheduled fentanyl analogues (like phenylfentanyl) are essentially interchangeable.

At bottom, as the Sixth Circuit put it, "the indictment charged Jones with conspiracy to possess with intent to distribute a fentanyl analogue … , and [Jones] admitted … that he tried to import a fentanyl analogue from China."[27] Justice does not require any new trial.

## D.    Rule 60(d)(1) Motion for an "Independent Action"

The Court now turns to Jones's motion to pursue an independent action under Rule 60(d)(1) to challenge the Court's certificate-of-appealability denial. The Sixth Circuit has held that an inmate may pursue an independent action for collateral relief from judgment.[28] But in the collateral-attack context, "to establish that relief is required to prevent a grave miscarriage of justice, [the inmate] must make a strong showing of actual innocence."[29]

For the same reasons Jones is not entitled to a new trial, Jones cannot show that he is innocent of the drug-trafficking conspiracy. So, the Court denies this motion.

---

[26] 21 U.S.C. § 813 (current through October 23, 2018).

[27] Doc. 145 at 2–3 (PageID 1342).

[28] Mitchell v. Rees, 651 F.3d 593, 597 (6th Cir. 2011). Although *Mitchell* involved a state habeas action, Federal Civil Procedure Rule 60 also applies to § 2255 proceedings. *See* R. Gov'g § 2255 Proc. 12.

[29] *Id.* at 596 (citing Calderon v. Thompson, 523 U.S. 538, 557–58 (1998)).

Case No. 4:17-cr-00524
GWIN, J.

## II.     Compassionate Release

Next, the Court turns to Jones's third motion for compassionate release.[30]  Because

Jones fails to give extraordinary-and-compelling reasons for early release, the Court denies

this motion.[31]

Jones's offered reasons generally fit into four categories: (1) prison conditions and lack

of programming or visitation resulting from pandemic restrictions; (2) Jones's health

conditions that might worsen any COVID illness; (3) sentencing-factor arguments that could

impact the § 3553(a) calculus, but do not qualify as extraordinary-and-compelling reasons

for relief; and (4) collateral attacks on Jones's conviction and sentence.

Although the COVID pandemic made incarceration harder for inmates, "a defendant's

incarceration during the COVID-19 pandemic—when the defendant has access to the

COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting

a sentence reduction."[32]  And although Jones's health conditions—kidney disease, obesity,

sinus bradycardia, high blood pressure, and prediabetes—are sympathetic, Jones gives no

proof that the Bureau of Prisons has failed to adequately care for these conditions.

Because Jones fails to give sufficient reasons for early release, the Court does not reach

his sentencing-factor arguments.  As for Jones's collateral-attack arguments, the Court

explained above why Jones's conviction and sentence were lawful.  And in any event,

collateral attacks "are not fair game" in a compassionate release motion.[33]

---

[30] Docs. 129, 130 & 134.  The Court denied both of Jones's prior compassionate release motions.  *See* Docs. 114 & 116.
[31] *See* 18 U.S.C. § 3582(c)(1)(A).  Inmates must also show that a sentence reduction would be consistent with any applicable Sentencing Commission policy statements and that the 18 U.S.C. § 3553(a) statutory sentencing factors weigh in favor of release.  United States v. Navarro, 986 F.3d 668, 670 (6th Cir. 2021).  "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."  *Id.* (quoting United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021)).
[32] United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021).
[33] United States v. Makupson, 1:14-CR-214, 2021 WL 2826071, at *1 (N.D. Ohio July 7, 2021).

Case No. 4:17-cr-00524
GWIN, J.

### III.  Federal Benefits Eligibility

Finally, the Court reinstates Jones's eligibility for federal benefits.  As part of Jones's punishment, this Court revoked Jones's federal-benefits eligibility for five years under 21 U.S.C. § 862.  Section 862(c) provides that the Court "shall" suspend any ineligibility period after the inmate "completes a supervised drug rehabilitation program ... ."  Jones gives proof that he completed a 20-hour nonresidential drug abuse treatment program in March 2019.[34]  So, the Court grants this motion.

### IV.  Conclusion

Accordingly, the Court **DISMISSES** Jones's Rule 60(b)(1) motion,[35] Rule 15 motion,[36] and Rule 33 motion.[37]  The Court **DENIES** Jones's Rule 60(d)(1) motion.[38]  The Court also **DENIES** Jones's compassionate-release motion.[39]  The Court **GRANTS** Jones's motion to suspend federal-benefits ineligibility.[40]

IT IS SO ORDERED.

Dated: June 2, 2023                                    *s/      James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

---

[34] Doc. 127-2.
[35] Doc. 122.
[36] Doc. 123.
[37] Doc. 138.
[38] Doc. 126.
[39] Docs. 129, 130 & 134.
[40] Doc. 127.